ROGERSCASEY, INC., Plaintiff–
Appellant,

v.

Joseph S. NANKOF and Meriam R.
Zandi, Defendants–Appellees.

No. 02–7489.

United States Court of Appeals,
Second Circuit.

Sept. 3, 2002.

Bainton McCarthy LLC, New York, NY; John G. McCarthy and Irene M. Hurtado on the brief, for Appellant J. Joseph Bainton, Rogerscasey.

Laura B. Hoguet, Hoguet Newman & Regal LLP, New York, NY; Dorothea W. Regal and Luisa K. Hagemeier on the brief, for Appellees Joseph S. Nankof and Meriam R. Zandy.

Present JACOBS, CABRANES, and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

In April 2002, BARRA Rogerscasey, Inc. ("BARRA Rogerscasey"), a pension fund investment consulting firm based in Connecticut, was acquired by Capital Resource Advisors, Inc. The successor firm is called RogersCasey, Inc. ("RogersCasey"). Upon learning of the acquisition, a group of BARRA Rogerscasey employees-includ-ing Joseph S. Nankof and Meriam R. Zandi (collectively, "Defendants")—decided to start their own competing firm.

RogersCasey sued, alleging that Defendants had violated various tort and contract duties owed to BARRA Rogerscasey and its successor RogersCasey, and moved to enjoin Defendants from disparagement, misappropriation of its confidential information, solicitation of its remaining employees, and solicitation of its clients. The District Court granted RogersCasey's motion in all respects except one: The court declined to enjoin Defendants from soliciting RogersCasey's clients.

On appeal, RogersCasey makes four principal arguments as to why the District Court abused its discretion in refusing to enjoin solicitation of its clients: (1) the court erroneously applied Connecticut law, rather than California law, to claims that Defendants violated contractual agreements not to compete "unfairly" with RogersCasey; (2) the court improperly applied the California Uniform Trade Secret Act to the same claims; (3) the court failed to consider whether Defendants had breached fiduciary duties or duties of loyalty owed to RogersCasey; and (4) the court failed to consider whether Defendants had violated the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. § 42–110a et seq. ("CUTPA"). We affirm.

■■■■ RogersCasey's first two arguments involve claims that Defendants disclosed trade secrets and competed "unfairly" with it, in violation of a Proprietary Rights and Confidentiality Agreement (the "Agreement") signed by each Defendant. The choice-of-law provision in the Agreement says that all provisions of the Agreement (with the exception of Section 11) are to be governed by and construed in accordance Connecticut law; section 11—which contains the post-termination prohibition

on unfair competition discussed above—is governed by and construed in accordance with California law. While the District Court appears to have recited this choice-of-law provision in reverse, the transposition did not affect the outcome.* *By arguing that the District Court failed to properly apply California law to its claims that Defendants breached the Agreement,* see Brief of Plaintiff Appellant, at 30–42, RogersCasey undercuts its own argument that the District Court failed to apply California law to the same claim, *see id.* at 29–30. RogersCasey calls the transposition plain error, but it fails to explain why it made any difference.

As the District Court pointed out, under California law, a former employee cannot normally be prevented from soliciting clients of its former employer unless a valid contract prohibits the former employee from revealing corporate trade secrets and an anti-solicitation injunction is necessary to protect those trade secrets. *Moss, Adams & Co. v. Shilling,* 179 Cal.App.3d 124, 130, 224 Cal.Rptr. 456 (Cal.Ct.App. 1986). The District Court found that in the niche occupied by RogersCasey and its competitors: (i) clients select their investment advisors primarily on the basis of personal relationships, *see Rogerscasey, Inc. v. Joseph S. Nankof and Meriam R. Zandi,* 02–CIV–2599, 2002 WL 726655, at *2 (S.D.N.Y. Apr.22, 2002), and (ii) information regarding a firm's clients is listed in an industry directory which is publicly available, *id.* at *3. On the basis of these findings, which are not challenged, it cannot be said that Defendants were betraying trade secrets under California law. RogersCasey, therefore, was not entitled to an anti-solicitation injunction under California law.

In RogersCasey's third and fourth arguments on appeal, it argues that the District Court failed to address its CUTPA and Connecticut common law fiduciary duty and duty of loyalty claims. To the contrary, the court's memorandum opinion examined "[CUTPA] and ... general fiduciary principles [under Connecticut law]," before determining that "[n]othing in any of this law ... precludes [Defendants] from competing for [RogersCasey's] clients." *Rogerscasey,* 2002 WL 726655, at *3.

■ The record contains no evidence that Defendants took any action breaching a duty owed under either CUTPA or Connecticut common law. Under Connecticut law, "in the absence of a restrictive covenant, a former employee may compete with his or her former employer upon termination of employment." *Elm City Cheese Co. v. Federico,* 251 Conn. 59, 752 A.2d 1037, 1044 (Conn.1999). The parties dispute whether Defendants were terminated on March 26, 2002 or resigned on April 1, but it is undisputed that Defendants' at-will employment had ended by April 1. The district court credited testimony that Defendants waited until April 1 to solicit RogersCasey clients; that finding is not clearly erroneous. Indeed, RogersCasey points to no other evidence that

---

* This mistake appears to have been facilitated by the following exchange between the court and counsel at the preliminary injunction hearing:

THE COURT: I am assuming that both sides are in agreement that I ought to apply California law, other than to the one count under Connecticut law.

MS. HOGUET: Correct.

THE COURT: Any disagreement on that?

MS. HOGUET: No.

MR. BAINTON: Sort of. We think that you need to apply—in the end I am not sure it makes a difference—we think you need to apply California law to the unfair competition claim. Connecticut law applies to—we have a second argument which completely has nothing to do with trade secrets and we think Connecticut law applies to that.

Tr. at 265.

Defendants solicited its clients before that date. While RogersCasey argues that Defendants owed duties to RogersCasey for 14 days after their termination, but provides no support for this proposition.

RogersCasey's remaining arguments are without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.